SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
J. BARRETT MARUM, Cal. Bar No. 228628
bmarum@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130

EDWARD J. LESNIAK (*pro hac vice* pending)
TIFFANY L. SORGE SMITH (*pro hac vice* pending)
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

Attorneys for Defendant
CHASE HOME FINANCE LLC

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE: <br><br> NELSON VO, <br><br>   Debtor. <br><br> ──────────────────── <br> NELSON VO, <br><br>   Plaintiff, <br><br>   v. <br><br> CHASE HOME FINANCE LLC, AS SERVICING AGENT TO ARGENT MORTGAGE COMPANY, LLC <br><br>   Defendant. | 8:10-bk-26258-TA <br> Chapter 13 <br><br> Adversary No. 11-ap-01127-TA <br><br> **CHASE HOME FINANCE LLC'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT** <br><br> Hearing: July 14, 2011 <br> Hon. Theodor C. Albert <br> Dept. 5B |

W02-WEST:8JBM1\403454342.1        - 1 -

CHASE HOME FINANCE LLC'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT
Error! Bookmark not defined.

**MOTION BY DEFENDANT CHASE HOME FINANCE LLC
TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT PURSUANT TO
<u>FEDERAL BANKRUPTCY RULE 7012(b)</u>**

Defendant, Chase Home Finance LLC ("Chase") hereby moves to dismiss the Complaint filed by Plaintiff Nelson Vo ("Plaintiff") in its entirety. (Docket No. 1) Chase moves to dismiss Plaintiff's claims for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable by Federal Rule of Bankruptcy Procedure 7012(b). In support of this Motion, Chase states the following:

## I. <u>PREFATORY STATEMENT</u>

Plaintiff appears to bring this purported class action Complaint based primarily on his dissatisfaction with Chase's proofs of claim, generally accusing Chase of routinely filing fraudulent proofs of claims, without supplying a single fact to support that conclusion. But Plaintiff primarily requests relief under Section 105 of the Bankruptcy Code despite a plethora of applicable authority to the effect that Section 105 does not allow for a private right of action in general and for an improper proof of claim specifically. Plaintiff bases the remainder of his claims on Federal Rule of Bankruptcy Procedure 3001 and 11 U.S.C. §§ 501 and 502. However, no private right of action for declaratory relief or damages exists under those provisions either. Because he cannot state a claim for relief, Plaintiff's adversary complaint must be dismissed in its entirety.

## II. <u>FACTUAL BACKGROUND</u>

Plaintiffs filed their petition for relief, together with a proposed plan, on November 15, 2010. (Docket Nos. 1 and 5.)[1] An amended plan was filed on December 18, 2010. (Docket No. 16.) The plan has not yet been confirmed. (*See* Docket No. 26 (continuing confirmation hearing to April 20, 2011).) Chase filed a proof of claim on December 27, 2010 (Claim No. 5-1) and

---

[1] Hereafter, references to docket numbers are references to the main bankruptcy proceeding.

W02-WEST:8JBM1\403454342.1                - 2 -

again on December 28, 2010 (Claim No. 6-1). Plaintiff objected to both claims on the grounds that Chase submitted the claims without proof of authority or standing to bring the claim. (*See* Docket Nos. 19 (debtor's objection to Claim No. 5) and 21 (debtor's objection to Claim No. 6).) Thereafter, Plaintiff filed an adversary complaint. (Docket No. 24.) On April 6, 2011, Chase filed an amended proof of claim for Claim No. 5 (Claim No. 5-2). Plaintiff's allegations appear to be based solely on Claim No. 5-1.

### III. APPLICABLE STANDARD

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court abrogated the pleading standards set forth in Conley v. Gibson, 355 U.S. 41 (1957), long relied on by plaintiffs to avoid dismissal. The Supreme Court admonished that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint containing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," does not state a cognizable claim for relief. Ashcroft, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft, 129 S. Ct. at 1949 (*quoting* Twombly, internal citations omitted). As set out by the Supreme Court:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (internal citations omitted).

Under Twombly and Ashcroft, the court first identifies those allegations that are nothing

W02-WEST:8JBM1\403454342.1            - 3 -

CHASE HOME FINANCE LLC'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT
Error! Bookmark not defined.

more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Those allegations are "not entitled to the assumption of truth" and must be disregarded. Ashcroft, 129 S. Ct. at 1950. The court then assesses the "nub" of the plaintiff's complaint – the well-pleaded, nonconclusory factual allegations – to determine whether it states a plausible claim for relief. Id.; Twombly, 550 U.S. at 565. Federal Rule of Civil Procedure 8 is made applicable to adversary proceedings by Fed. R. Bank. P. 7008. Thus, the standards established in Twombly and Ashcroft, apply to the instant case.

## IV. ARGUMENT

A.    NO PRIVATE RIGHT OF ACTION EXISTS UNDER SECTION 105.

Plaintiff primarily bases his request for relief on Section 105 of the Bankruptcy Code. (*See* Compl. paras. 39-51, 67-72, 75, 77.) Section 105 provides:

> The court may issue any advice, process or judgment that is necessary or appropriate to carry out the provisions of this title 11 U.S.C. § 105(a).

11 U.S.C. § 105. However, to the extent Plaintiff may be basing his claim on § 105, it has been repeatedly held by circuit courts of appeal – including the Ninth Circuit – that there is no private right of action under § 105. Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 509, n. 3 (9th Cir. 2002) (concluding that § 105 does not allow for a private right of action to enforce § 524); In re Kalikow, 602 F.3d 82, 97 (2d Cir. 2010) (§ 105 does not create a private right of action); In re Joubert, 411 F.3d 452, 457 (3rd Cir. 2005) (no private right of action under § 105 to remedy a violation of § 506); Pertuso v. Ford Motor Credit Company, 233 F.3d 417, 423 (6th Cir. 2000) (§ 105 could not be invoked as a private remedy to enforce § 524, and referring to its prior decision that § 105 could not be invoked as a private remedy to enforce § 363); Bessette v. Avco Fin. Services, Inc., 230 F.3d 439, 444-45 (1st Cir. 2000) (§ 105 does not create a private right of action).

As the Ninth Circuit has explained, "[s]ection 105 does not provide the basis for a private

W02-WEST:8JBM1\403454342.1     - 4 -

CHASE HOME FINANCE LLC'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT
Error! Bookmark not defined.

right of action . . . [and] § 105 may not be relied upon to alter the substantive rights fixed in the Bankruptcy Code." In re Bassett, 255 B.R. 747, 757 (B.A.P. 9th Cir. 2000) aff'd in part, rev'd in part on other grounds, 285 F.3d 882 (9th Cir. 2002). California bankruptcy courts adhere to this rule. See, e.g., In re Moi, 381 B.R. 770, 772 (Bankr. S.D. Cal. 2008) (citing Walls v. Wells Fargo Bank, N.A.); Kibler v. WFS Fin., Inc., CV-00-5217 LGB RNBX, 2000 WL 1470655, at *6 (C.D. Cal. Sept. 13, 2000) ("Section 105 is not a source of substantive rights under the Bankruptcy Code. That section simply permits courts to effectuate remedies for substantive rights that *already exist* in the Bankruptcy Code."). In Moi, the plaintiffs filed an adversary complaint asserting, *inter alia*, a claim for contempt based on defendant's proofs of claim. 381 B.R. at 771. The court dismissed this claim, explaining why no private right of action exists under § 105 for filing improper proofs of claim:

> As noted, plaintiffs' second claim for relief is for contempt of court, and invokes 11 U.S.C. § 105. At the center of the question is whether plaintiffs may sue defendant for contempt of court. The Court concludes they may not directly sue defendant for contempt unless expressly authorized by Congress, similar to the authorization granted in 11 U.S.C. § 362(k).

Id. at 772. Indeed, several other jurisdictions have agreed that no private right of action exists for filing false proofs of claim or proofs of claim with insufficient documentation. See In re Rogers, 391 B.R. 317, 323 (Bankr. M.D. La. 2008); In re Yancy, 301 B.R. 861, 868-69 (Bankr. W.D. Tenn. 2003); In re Simmons, 237 B.R. 672, 674 (Bankr. N.D. Ill. 1999).

Here, Plaintiff seeks relief based on § 105 for "repeated failure to ensure the accuracy of pleadings and accounts," "contempt," and "abuse of process" based on Chase's alleged failure to file proper proofs of claim. (See Compl. pp. 11-12.) To the extent Plaintiff bases his request for relief on § 105, for which a private right of action does not exist, he cannot state a plausible claim for relief. See Ashcroft, 129 S. Ct. at 1949. Accordingly, the adversary complaint must be dismissed without leave to file an amended pleading.

B. NO CAUSE OF ACTION EXISTS FOR FILING A FALSE PROOF OF CLAIM OR A PROOF OF CLAIM WITH INSUFFICIENT DOCUMENTATION.

Plaintiff bases the remainder of his request for relief on Chase's alleged violation of Federal Rule of Bankruptcy Procedure 3001 and 11 U.S.C. §§ 501 and 502. (See Compl. paras. 52-66, 74, 76.) Plaintiff essentially reasserts his objections to Chase's proofs of claim and alleges that they violate Rule 3001 because they do not include sufficient documentation and contain misleading and false information. (Id. at paras. 57-64.) The crux of Plaintiff's claim is that Chase has not attached to its proofs of claim sufficient documentation to establish that it has standing and authority to bring the claims as a creditor and that the claims are otherwise inaccurate. (See, e.g., Compl. paras. 57-61, 63.) Plaintiff seeks a declaration that Chase's proofs of claims violate 11 U.S.C. §§ 501 and 502 and Rule 3001, as well as damages and attorney's fees. (Id. paras. 66, 70-72, 76 and pp. 17-18.) It appears that Plaintiff also seeks disallowance of Chase's proofs of claim, though he has already done so through the objections to the claims that he filed in the underlying bankruptcy proceeding. (See Compl. paras. 59, 64; Docket Nos. 19 and 21.)

Nothing in Rule 3001 provides for a private right of action if the proof of claim is somehow false or does not include adequate documentation. See Fed. R. Bankr. P. 3001. Moreover, to the extent Plaintiff may be relying on § 105 to support these claims, no private right of action exists under § 105 for failure to comply with Rule 3001. See supra, Section A; see also In re Rogers, 391 B.R. at 322-23 (dismissing debtor's claim and concluding that no private right of action exists under § 105 for filing a proof of claim with insufficient documentation). The failure to comply with Rule 3001 simply means that the proof of claim may lack facial validity; but a court will not disallow the claim – let alone create a private right of action – for failure to submit sufficient documentation in support of a claim. See In re Lasky, 364 B.R. 385, 387 (Bankr. C.D. Cal. 2007) (overruling debtor's objections to claims and noting that "noncompliance with the technical requirements FRBP 3001 is not in and of itself a ground for disallowance of a

W02-WEST:8JBM1\403454342.1    - 6 -

CHASE HOME FINANCE LLC'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT
Error! Bookmark not defined.

proof of claim").

That is precisely the case here. Plaintiff does not dispute his liability for Claims No. 5 and 6. He only points to the alleged lack of formal compliance with Rule 3001 and 11 U.S.C. §§ 501 and 502. Even if true, such lack of compliance with these provisions does not grant Plaintiff a private right of action for declaratory relief and damages, and Plaintiff cannot use § 105 to create such a right. See In re Sims, 278 B.R. 457, 466 (Bankr. E.D. Tenn. 2002) ("Other than in the context of an objection to a claim, § 502(b)(2) provides no express private right of action."); In re Knox, 237 B.R. 687, 700-01 (finding no private right of action under §§ 105 or 502 for creditor's practice of filing false proofs of claims). Consequently, his claims based on violation of Rule 3001 and 11 U.S.C. §§ 501 and 502 should be dismissed without leave to file an amended pleading. See Ashcroft, 129 S. Ct. at 1949.

## V. CONCLUSION

Plaintiff's claims are solely based on § 105, Rule 3001, and 11 U.S.C. §§ 501 and 502, but no private right of action exists under those provisions. Accordingly, Debtors cannot state a plausible claim under Twombly or Ashcroft, and Plaintiff's adversary complaint should be dismissed in its entirety.

Dated: April 15, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ J. Barrett Marum
   J. BARRETT MARUM

Attorneys for Defendant
CHASE HOME FINANCE LLC

F 9013-1.1

| In re<br>Nelson Vo<br><div align="right">Debtor(s).</div> | CHAPTER: 13<br>CASE NO.: 8:11-ap-01127-TA |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
501 W. Broadway, 19th Floor, San Diego, CA 92101

A true and correct copy of the foregoing document described as   Chase Home Finance LLC's Motion to Dismiss
Plaintiff's Adversary Complaint                                                                     will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 15, 2011   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
- Amrane (SA) Cohen (TR)    efile@ch13ac.com
- Gary L Harre    ghcmecf@gmail.com
- J. Barrett Marum    bmarum@sheppardmullin.com, danderson@sheppardmullin.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On April 15, 2011   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Theodor C. Albert
U.S. Bankruptcy Court
411 W. Fourth Street, Suite 2030
Santa Ana, CA 92701-4593

Diane J Beall
Global Capital Law, PC
8700 Warner Ave., Suite 200
Fountain Valley, CA 92708

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on    I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-1.1

**F 9013-1.1**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 15, 2011 | Dawn Anderson | s/ Dawn Anderson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-1.1**